# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EUGENIO S. MATHIS, as personal representative
of the Estate of Abelardo Montes, deceased,

    Plaintiff,

v.                                                                                                                              Civ. No. 23-983 JMC/SCY

WEXFORD HEALTH SOURCES, INC.;
STATE OF NEW MEXICO; NEW MEXICO
CORRECTIONS DEPARTMENT; CORECIVIC
of TENNESSEE, LLC; DAVID JABLONSKI,
Secretary of Corrections, in his individual capacity;
CASAUNDRA LACKEY, Health Services
Administrator, in her individual capacity;
ORION STRADFORD, Bureau Chief, in his
individual capacity; STEVE MADRID, Grievance
Officer, in his individual capacity; HEIDI JUESON,
Grievance Officer, in her individual capacity;
DR. DIETER DENNIG, Medical Director/Facility
Medical Director, in his individual capacity; DR. JOSE
ANDRADE, in his individual capacity; and JOHN
DOES 1-10 in their individual and official capacities,
(employees, staff, agents of WEXFORD HEALTH
SOURCES, INC.; STATE OF NEW MEXICO; NEW
MEXICO CORRECTIONS DEPARTMENT; CORECIVIC
of TENNESEE, LLC, respectively).

    Defendants.

## **ORDER GRANTING MOTION TO STAY DISCOVERY**

    This matter comes before the Court on the NMCD Defendants' Motion to Stay Discovery, filed March 11, 2024. Doc. 22. On the same day, the NMCD Defendants filed a motion to dismiss and for qualified immunity. Doc. 23. Given this motion and the assertion of qualified immunity, the NMCD Defendants ask the Court to stay all discovery pending resolution of their qualified immunity motion. Doc. 22. Although the motion notes that Plaintiff opposes it, Plaintiff did not file a response and his deadline to do so has expired. *See* D.N.M. LR-

Civ. 7.4(a). "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b).

Additionally, the Court agrees with the NMCD Defendants' request to stay discovery while their qualified immunity motion is pending. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"). Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government.

556 U.S. 662, 685 (2009).

For these reasons, the Court GRANTS in part the NMCD Defendants' Motion to Stay Discovery (Doc. 22). The Court stays all discovery pending a decision on the NMCD Defendants' Motion to Dismiss Plaintiff's Complaint and for Qualified Immunity (Doc. 23).

Lastly, although styled as a motion to stay discovery, the NMCD Defendants also ask the Court to stay "all other litigation." Doc. 22 at 2. The breadth of the NMCD Defendants' request to stay "all other litigation", however, is unclear. The parties have not completed briefing on the qualified immunity motion, and several other Defendants have filed dispositive motions that are still being briefed. *See, e.g.*, Docs. 16, 17, 27, 40, 41. Thus, what litigation other than discovery the NMCD Defendants seek to stay is ambiguous. If the NMCD Defendants seek to stay litigation beyond discovery, they must file a separate motion specifically identifying the other aspects of the case they seek to stay.

**IT IS SO ORDERED.**

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE