# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

EUGENIO S. MATHIS, as personal representative
of the Estate of Abelardo Montes, deceased,

    Plaintiff,

v.                                                                Civ. No. 23-983 JMC/SCY

WEXFORD HEALTH SOURCES, INC.;
STATE OF NEW MEXICO; NEW MEXICO
CORRECTIONS DEPARTMENT; CORECIVIC
of TENNESSEE, LLC; DAVID JABLONSKI,
Secretary of Corrections, in his individual capacity;
CASAUNDRA LACKEY, Health Services
Administrator, in her individual capacity;
ORION STRADFORD, Bureau Chief, in his
individual capacity; STEVE MADRID, Grievance
Officer, in his individual capacity; HEIDI JUESON,
Grievance Officer, in her individual capacity;
DR. DIETER DENNIG, Medical Director/Facility
Medical Director, in his individual capacity; DR. JOSE
ANDRADE, in his individual capacity; and JOHN
DOES 1-10 in their individual and official capacities,
(employees, staff, agents of WEXFORD HEALTH
SOURCES, INC.; STATE OF NEW MEXICO; NEW
MEXICO CORRECTIONS DEPARTMENT; CORECIVIC
of TENNESEE, LLC, respectively).

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## REGARDING DOE DEFENDANTS

    Plaintiff named as defendants in this case John Does 1-10, along with 11 named

Defendants. Doc. 1 (complaint, filed November 6, 2023). By February 12, 2024, Plaintiff had not

served any Defendants, including the John Doe Defendants, and the Court issued an Order to

Show Cause. Doc. 3. In that Order, the Court cited Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Thus, in order to avoid dismissal, the Court ordered Plaintiff, by February 26, 2024, to either effect service on the Defendants or provide the Court with a written explanation showing good cause why service had not been made. Doc. 3.

By the February deadline, Plaintiff served four of the named Defendants, but had not served the remaining named Defendants, nor the John Doe Defendants. As such, the Court set a show cause hearing. Doc. 10. In that Order, the Court advised Plaintiff that a prerequisite to serving the John Does Defendants is amending the complaint to name them. *Id.* at 2 n.1; *see also Coe v. U.S. Dist. Ct. for Dist. of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982) ("There is no provision in the Federal Rules of Civil Procedure for suit against persons under fictitious names . . . ."); *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984) ("no federal statute or rule specifically countenances the naming of fictitious parties in a lawsuit"); *Seale v. Peacock*, 32 F.4th 1011, 1031 (10th Cir. 2022) ("substituting a named defendant for an unnamed defendant requires amending the complaint"). In advance of the show cause hearing, Plaintiff served all named Defendants, and so the Court vacated the hearing. Doc. 36. Plaintiff, however, has not served the John Doe Defendants, including failing to move to amend the complaint to name them, and has not requested an extension of the service deadline.

Accordingly, I recommend that the Court dismiss without prejudice the John Doe Defendants from this action. Should Plaintiff later discover the identity of additional defendants, he may move to amend to add any such party. Indeed, even if the John Doe defendants were not

dismissed, Plaintiff would have to move to amend the complaint to substitute the real party for the fictitious Doe. *Id*.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**